UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE NATIONAL CIVIL COURT OF FIRST INSTANCE NO. 42 IN CABA, REPUBLIC OF ARGENTINA,<br><br>Applicant. | Case No. 24-mc-80271-BLF<br><br>**ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>[Re: ECF 1] |

Before the Court is an *ex parte* application submitted by the United States pursuant to 28 U.S.C. § 1782 in connection with a foreign tribunal's request for aid in obtaining documents from eBay Inc. ("eBay"). *See* Applic., ECF 1. The National Civil Court of First Instance No. 42 in Caba, Republic of Argentina ("Argentine Court"), issued a Letter of Request to the United States seeking assistance in obtaining discovery from eBay for use in a judicial proceeding captioned *Dario Hernan Raris v. Property Owners Association Uruguay 292*, File No. 11218/2017, Ref. No. 292/2021. *See id.* The United States thereafter filed the present application asking this Court to appoint Assistant United States Attorney ("AUSA") Christopher F. Jeu as Commissioner for purposes of obtaining the requested discovery from eBay, and to authorize AUSA Jeu to serve eBay with a subpoena for documents. *See id*.

The Court finds the application to be suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). The application is GRANTED for the reasons discussed below.

## I. BACKGROUND

The Argentine Court issued a Letter of Request dated May 21, 2024, seeking the United States' assistance in obtaining information from eBay in connection with a case pending before the Argentine Court. *See* Jeu Decl. ¶ 2 & Ex. 1 (Letter of Request), ECF 1-2. The Letter of Request was transmitted to the Office of International Judicial Assistance ("OIJA") in Washington, D.C, and thereafter was passed on to the United States Attorney's Office for the Northern District of California. *See* Jeu Decl. ¶ 2.

In the Argentine Court case, the plaintiff seeks monetary compensation for alleged damages he has suffered due to water leakage. *See* Jeu Decl. ¶ 2 & Ex. 1 (Letter of Request). The defendant allegedly traded products through the eBay portal. *See id*. The Argentine Court requests information from eBay regarding a particular eBay account, including information regarding goods and sales transacted through the account. *See id*.

To assist the Argentine Court in obtaining the requested documents, the United States has filed the present *ex parte* application requesting that AUSA Jeu be appointed as Commissioner and authorized to serve eBay with a subpoena for documents. The United States has provided a proposed subpoena. *See* Jeu Decl. Ex. 5 (Subpoena).

## II. LEGAL STANDARD

### A. Hague Evidence Convention

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention" or "Convention"), 23 U.S.T. 2555, "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and the Republic of Argentina. *See* Status Chart, https://assets.hcch.net/docs/ccf77ba4-af95-4e9c-84a3-e94dc8a3c4ec.pdf (last visited December 20, 2024).

"The Supremacy Clause establishes the legal status of all treaties: they are the supreme law of the land, on equal footing with the Constitution and federal statutes." *Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1193 (9th Cir. 2017). Thus, the Hague Evidence

Convention is "the law of the United States." *Societe Nationale*, 482 U.S. at 533.

The Convention's preamble states that it is intended "to facilitate the transmission and execution of Letters of Request" and to "improve mutual judicial co-operation in civil or commercial matters." Hague Evidence Convention pmbl. Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

*Id*. at art. 10. Article 9 provides that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed" and that "[a] Letter of Request shall be executed expeditiously." *Id*. at art. 9.

**B.     28 U.S.C. § 1782**

The United States' "own law" governing discovery for use in foreign proceedings is codified at 28 U.S.C. § 1782, which provides in relevant part as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . .

28 U.S.C. § 1782(a).

As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel*, 542 U.S. at 264-65).

Where a foreign tribunal requests the United States' assistance in obtaining discovery pursuant to the Hague Evidence Convention, the district court may appoint a Department of Justice attorney as commissioner to facilitate the request and may evaluate the request under 28 U.S.C. § 1782. *See In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-MC-80016-BLF, 2023 WL 2394545, at *2 (N.D. Cal. Mar. 7, 2023) (collecting cases).

It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").

### III. DISCUSSION

Consistent with these legal standards, this Court finds it appropriate to appoint AUSA Jeu as Commissioner to facilitate the Argentine Court's request for discovery from eBay, and to evaluate that request under 28 U.S.C. § 1782.

4

### A. Statutory Requirements

The application for discovery from eBay satisfies the three statutory requirements of § 1782. With respect to the first requirement, that the respondent be found in the district, "[a] business entity is 'found' in the judicial district where it is incorporated or headquartered." *See Illumina Cambridge Ltd. v. Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). eBay is headquartered in San Jose, California. *See* Jeu Decl. ¶ 4. San Jose, California is in Santa Clara County, which is located within the geographical boundaries of the Northern District of California. *See* Civ. L.R. 3-2(e).

The second requirement, that the discovery is for use in a foreign proceeding, is satisfied because the Argentine Court has requested the discovery for use in a case pending before it. *See In re Letter Rogatory - Request for Int'l Jud. Assistance*, No. 19-MC-80173-LB, 2019 WL 3065009, at *2 (N.D. Cal. July 12, 2019) (finding second statutory requirement met where "the requested discovery is for use in a proceeding in Argentina").

With respect to the third requirement, that the application be made by a foreign tribunal or any interested person, the application is made by the United States on behalf of the Argentine Court based on the Argentine Court's Letter of Request. Courts in this district have found the third statutory requirement satisfied in similar circumstances. *See In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, 2023 WL 2394545, at *4; *In re Letter Rogatory - Request for Int'l Jud. Assistance*, 2019 WL 3065009, at *2. This Court likewise finds the third statutory requirement to be satisfied here.

Having concluded that the statutory requirements are satisfied, the Court considers whether the discretionary *Intel* factors weigh in favor of granting the application.

### B. Discretionary *Intel* Factors

The first *Intel* factor asks whether the respondent is a participant in the foreign action. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. eBay is not a party to the Argentine lawsuit, and therefore is outside the Argentine Court's jurisdictional reach. This factor weighs in favor of granting the application.

1    Under the second *Intel* factor, the district court "may take into account the nature of the
2 foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
3 foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*,
4 542 U.S. at 264. The Argentine Court clearly is receptive to the assistance of the United States
5 and its federal courts, as the Argentine Court expressly requested such assistance in its Letter of
6 Request. This factor also weighs in favor of granting the application.

7    The third *Intel* factor asks whether the request for discovery is an attempt to circumvent
8 foreign proof-gathering restrictions or other policies of the foreign country or the United States.
9 *See Intel*, 542 U.S. at 265. The fact that the Argentine Court has requested the discovery provides
10 sufficient assurance that the request is not an attempt to circumvent Argentina's rules or policies.
11 *See In re Request for Jud. Assistance from Lab. Ct. No. 1 in Quilmes, Province of Buenos Aires,*
12 *Republic of Argentina*, No. 23-MC-80267-AMO, 2023 WL 8634805, at *3 (N.D. Cal. Dec. 13,
13 2023) ("Here, the Argentine Court itself seeks the requested discovery in connection with
14 proceedings currently pending before it, ECF 1-2, which makes clear that the Argentinian court is
15 receptive to this Court's assistance and that the request is not an attempt to circumvent proof-
16 gathering restrictions in either Argentina or the United States.") (internal quotation marks and
17 citation omitted). There is no indication on this record that the request for discovery from eBay is
18 an attempt to circumvent the United States' rules or policies. The third factor weighs in favor of
19 granting the application.

20    The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or
21 burdensome. *See Intel*, 542 U.S. at 265. The Court finds that the subpoena that AUSA Jeu seeks
22 leave to serve on eBay is narrowly tailored to obtain the information requested by the Argentine
23 Court. This factor favors granting the application.

24    Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it
25 appropriate to grant the application.

26 //
27 //
28 //

**IV. ORDER**

(1) The United States' application is GRANTED.

(2) AUSA Jeu IS APPOINTED as Commissioner, and IS AUTHORIZED to serve eBay with a subpoena in a form similar to that attached as Exhibit 5 to AUSA Jeu's declaration.

(2) AUSA Jeu SHALL serve a copy of this order, all underlying papers, and the authorized subpoena on eBay.

(4) The Clerk shall close the file.

(5) The Court shall retain jurisdiction over this matter.

Dated: December 20, 2024

_____
BETH LABSON FREEMAN
United States District Judge